# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMOTIVE RACING PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br>vs.<br>OCEANIA INTERNATIONAL, LLC dba ORION MOTOR TECH, a California corporation, ALEXANDER YEBO CHEN, an individual, and DOES 1-9, inclusive,<br><br>Defendants. | CASE NO. 8:19-cv-00088-AG-KES<br><br>[Hon. Andrew Guilford]<br><br>**ORDER ENTERING PERMANENT INJUNCTION AND DISMISSING CASE WITH PREJUDICE** |

Pursuant to the Stipulation re: Permanent Injunction and Dismissal With Prejudice submitted by the parties, the Court hereby enters the following order:

**STATEMENT OF FACTS**

1. ARP owns U.S. Federal Trademark Registration No. 1,472,833 for "ARP" for high performance metal fasteners, namely bolts, studs, washers, and nuts used primarily in the automotive racing industry, which was placed on the Principal Register on January 19, 1988. This registration is incontestable under the provisions of the Lanham Act, and is valid and enforceable.

2. ARP also owns U.S. Federal Trademark Registration No. 2,812,419 for "2000" for metal connecting rod bolts and fasteners of various sizes, which was placed on the Principal Register on February 10, 2004. This registration is incontestable under the provisions of the Lanham Act, and is valid and enforceable.

3. ARP also owns valid, enforceable, unregistered, common law trademark rights under both state and federal law for "ARP" and "2000" in connection with a wide variety of automotive parts, as it has been selling the same for many years.

4. ARP has manufactured, offered for sale, and sold a kit with a model number 250-4202, which is a Ford 6.0L Powerstroke Diesel Head Stud Kit. In ARP's 250-4202 kit, the elongated studs are marked with the trademarks "ARP" and "2000" on one end of each stud.

5. ARP also owns valid, enforceable, unregistered, common law trademark rights under both state and federal law in "250-4202" as a product designator for its Ford 6.0L Powerstroke Diesel Head Stud Kit, which ARP has successfully manufactured, offered for sale, and sold a kit with a product designator "250-4202" since at least as early as 2005.

6. During 2018, it came to ARP's attention that Defendants were offering for sale and selling through one or more Amazon accounts a counterfeit version of

ARP's 250-4202 Ford 6.0L Powerstroke Diesel Head Stud Kit wherein in the counterfeit version of ARP's 250-4202 Ford 6.0L Powerstroke Diesel Head Stud Kit that Defendants were offering for sale and selling through their Amazon account(s), the studs in the kit were stamped with "ARP" and "2000" on one end of each stud.

7. As part of a resolution of this action, ARP and Defendants agreed to submit a stipulation to the Court for entry of an agreed permanent injunction and for an order dismissing the case with prejudice, as further set forth below.

**WHEREFORE, IT IS HEREBY ORDERED AND DECREED AS FOLLOWS**:

1. That this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367, and 15 U.S.C. § 1121;

2. ARP's owns registered trademarks (Registration Nos. 1,472,833 and 2,812,419), which are valid, subsisting, incontestable, and enforceable;

3. ARP also owns common law trademark rights in its "ARP", "2000", and "250-4202" marks, which are valid, subsisting, and enforceable;

4. Effective immediately, Oceania International, LLC, a California limited liability company, as well as its owners, officers, directors, members, partners, affiliates, agents, representatives, employees, assigns, successors-in-interest, parents, subsidiaries, joint venturers, and any person, entity, or association claiming by, through, or under them, or operating in active concert with them, as well as Alexander Yebo Chen, an individual, and anyone acting on his behalf in any capacity, shall immediately and permanently cease throughout the world:

    a. using the "ARP" and/or "2000" marks, or any marks confusingly similar thereto, in connection with any automotive products;

    b. dealing in any automotive products bearing the "ARP" and/or "2000" marks, or any marks confusingly similar thereto; or,

  c. otherwise using or dealing in any products within the natural zone of expansion from automotive products bearing the "ARP" mark, the "2000" mark, or any mark confusingly similar thereto, with "dealing in" in each of the above sub-paragraphs to be given its broadest reasonable meaning, and to include at least use, manufacture, import, distribute, market, advertise, internet display, publicly display, trade show display, offer to sell and/or sell;

5. Effective immediately, Oceania International, LLC, a California limited liability company, as well as its owners, officers, directors, members, partners, affiliates, agents, representatives, employees, assigns, successors-in-interest, parents, subsidiaries, joint venturers, and any person, entity, or association claiming by, through, or under them, or operating in active concert with them, as well as Alexander Yebo Chen, an individual, and anyone acting on his behalf in any capacity, shall immediately and permanently cease throughout the world:

  a. using the "250-4202" mark, or any mark confusingly similar thereto, as a product designator for any automotive products;

  b. dealing in any automotive products bearing the "250-4202" mark, or any mark confusingly similar thereto; or,

  c. otherwise using or dealing in any products within the natural zone of expansion from automotive products bearing the "250-4202" mark, or any mark confusingly similar thereto, with "dealing in" in each of the above sub-paragraphs to be given its broadest reasonable meaning, and to include at least use, manufacture, import, distribute, market, advertise, internet display, publicly display, trade show display, offer to sell and/or sell;

6. Effective immediately, Defendants shall not aid or assist any person or

entity in engaging in any of the above-referenced prohibited activities.

7. This injunction shall remain in effect until the above-referenced registered and common law trademarks expire or are declared invalid by a Court of Law.

8. The above-captioned action shall be dismissed in its entirety, with prejudice.

9. ARP and Defendants shall each bear their own respective costs, expenses, and attorneys' fees incurred in connection with the above-captioned action as to the claims between them.

10. The foregoing reflects a settlement of this action pursuant to the terms of a separate settlement agreement between ARP and Defendants, and the Court retains jurisdiction over the above-captioned action for purposes of enforcing the settlement agreement between ARP and Defendants, and the Permanent Injunction entered by the Court.

**IT IS SO ORDERED.**

Dated: June 27, 2019

Hon. Andrew J. Guilford
United States District Judge